```
                IN THE UNITED STATES DISTRICT COURT FOR THE
                         EASTERN DISTRICT OF OKLAHOMA

MARVIN MALONE,                          )
                                        )
            Petitioner,                 )
                                        )
v.                                      ) No. CIV-08-405-FHS
                                        )
SHANE BERRY and KRISTI OLZAWSK,         )
                                        )
            Respondents.                )
```

## OPINION AND ORDER

Petitioner, Marvin Malone, a Texas parolee, has filed this action against Defendants, Shane Berry, an Oklahoma state parole officer, and Kristi Olzawsk, an Oklahoma supervisory parole officer, challenging the validity of Petitioner's 1985 criminal conviction arising out of Dallas County, Texas. Petitioner contends that based on the "false charges of sex offence" arising from his invalid Texas conviction, he is being forced by Defendants to attend treatment classes in Oklahoma while on parole. The Court has construed this action as a habeas corpus action challenging the validity of Petitioner's Texas conviction. Defendants have moved to dismiss this action for lack of subject matter jurisdiction.

A prisoner may bring a habeas corpus action in either the district where he was convicted or is in custody. See 28 U.S.C. § 2241(d); see also Maleng v. Cook, 490 U.S. 488, 491-92 (1989)(the "in custody" concept of federal habeas corpus extends beyond incarceration to parole on an unexpired sentence). As a parolee, Petitioner is not within the actual, physical custody of either Oklahoma or Texas prison officials, but rather, he remains within the constructive custody of Oklahoma and Texas officials consistent with the provisions of the respective states' Uniform Acts for Out-

1

of-state Parolee Supervision.  See 57 O.S.A. § 347 and Vernon's Ann. C.C.P. art. 42.11.  Consequently, since Petitioner was convicted and sentenced by a Texas state court and he is in the constructive custody of Oklahoma and Texas officials, this Court concludes that both Oklahoma and Texas courts have jurisdiction to consider Petitioner's habeas corpus petition challenging the validity of his Texas conviction.  See Dillworth v. Barker, 465 F.2d 1338, 1339-42 (5th Cir. 1972)(parolee who is being supervised by receiving state under Uniform Act may bring habeas corpus action in federal district court in receiving state).

    Given the facts of this case, however, this Court declines to exercise its jurisdiction for reasons of *forum non conveniens*. Petitioner contends Defendants are compelling him to take treatment classes based on forged charging documents from another state (presumably Texas) parole office.  Thus, nothing more is alleged against the Oklahoma defendants than their supervisory efforts to enforce the terms of Petitioner's parole from his allegedly unlawful Texas conviction.  The relief requested by Petitioner is therefore presented in the form of a collateral challenge to his Texas conviction - a challenge which is more appropriately addressed by Texas officials and a Texas court.  Dillworth, 465 F.2d at 1441("Where the receiving state does no more than enforce a sending state's parole, it makes little sense to burden the district court for that district, or the attorney general for the receiving state with the defense of a collateral challenge to the sending state's conviction."). Consequently, Defendants' Motion to Dismiss (Doc. No. 11) is granted to the extent the Court declines to exercise jurisdiction herein and orders this action dismissed without prejudice to Petitioner making application for relief in the appropriate Texas federal district court against the Texas officials with constructive custody over Petitioner.

2

It is so ordered this 15th day of July, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma